# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

16   104¹
64   432

### JAMES POLLOCK, Respondent, *v.* HORACE WEBSTER AND PHILINDA WEBSTER, Appellants.

*Award — agreement signed in pursuance of — when not binding on a married woman —Judgment on alleged joint liability of husband and wife — wife not liable — the judgment cannot be reversed as to the wife, and sustained as to the husband — plaintiff on appeal allowed to discontinue as to wife, and judgment as to husband affirmed.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover damages for the breach of a written agreement, signed by the parties hereto in pursuance of an award of arbitration, and as a final settlement of all differences between the parties. Upon this appeal it was insisted that the judgment was erroneous as to Philinda Webster, because she had no separate estate, and because it did not relate thereto, and because the instrument did not charge the same with the payment of damages.

With reference to this point the court at General Term said : " The pleadings and evidence show that the defendants were husband and wife, and joint owners of the farm on which they lived. There is no evidence of a satisfactory nature that the wife ever owned any other property. It may be suspected, but it is not proved that plaintiff lent defendants money to pay upon the farm owned by defendants jointly. Assuming that to be true, and that the money was so applied, it would not make her the owner of a separate estate. The title which she has as joint-tenant with her husband does not constitute a separate estate. (*Baker* v. *Lamb*, 11 Hun, 519, and cases cited.) Other claims between defendants

and plaintiff are frequently referred to in the pleadings, proofs, and submission. But the nature and character of such claims do not so distinctly appear as to sustain the referee's fifth finding of fact, that the agreement sued upon was for the benefit of her separate estate. It is possible on a further trial it may be shown that the wife had a separate estate to be benefited, and that this contract was made for its benefit. But we are quite clear there is no sufficient evidence of it in this case, and it is probable it is not true in fact. The learned referee has possibly been led into the very natural error of holding that her estate in the farm was a separate estate under the law. For this error the judgment against the wife must be set aside. * * * From what has been said, it appears that a cause of action was established against the defendant Horace Webster. We see no reasons in the points urged by the appellant for disturbing the judgment as to him, were it not for the error committed against Mrs. Webster. As to her, the judgment is wrong and must be reversed. But under section 1317 of the new Code (section 330 of old) we cannot reverse as to one and affirm as to the other defendant in this case, because the cause of action is joint, and a several judgment would not be proper. (*Geraud* v. *Stagg*, 10 How., 369, 373; *Story* v. *N. Y. & H. R. R. Co.*, 6 N. Y., 86, and note; *Arthur* v. *Griswold*, 55 id., 400.) Hence we are compelled to reverse this judgment and grant a new trial; costs to abide event; and discharge the reference; unless the plaintiff stipulates that the complaint be dismissed as to the wife, with costs, in which case judgment is affirmed as to the husband, without costs."

*O. F. Thompson*, for the appellant. *S. W. Russell*, for the respondent.

Opinion by BOARDMAN, J.

LEARNED, P. J., and BOOKES, J., concurred.

Judgment reversed and new trial granted; costs to abide event; reference discharged; unless plaintiff stipulate that complaint be dismissed, with costs, as to the wife; in which case judgment affirmed, without costs, as to the husband.